THE S. B. VIOLET vs. McKAY.

Where depositions have been suppressed on motion, because the evidence was adjudged by the court inapplicable to the case, it is error to permit them to be read, or other like testimony given, on the trial, unless reasonable notice to the party making the motion be given him, before the trial, that a different rule would be adopted—the party being thereby taken by surprise.

Where depositions on file are copied into the transcript as referred to in the order of court, and the bill of exceptions refers to them by the names of the witnesses, they are sufficiently identified and incorporated into the record.

### Appeal from Desha Circuit Court.

Hon. JOHN C. MURRAY, Circuit Judge.

WEATHERFORD, FARRELLY & FINLEY, for the appellant.

STILLWELL & WOODRUFF, for appellee.

Mr. Justice FAIRCHILD delivered the opinion of the court.

McKay, the defendant in error, brought an action against the steamboat Violet, filed an affidavit that he had a demand against her for work done on her as pilot, of two thousand dollars, and procured the boat to be attached under the statute providing for the attachment of boats and vessels running upon the navigable waters of this State. James T. Roberts, the owner of the boat, gave bond under the 9th section of chapter 18 of the Boat Attachment Law, when the boat was discharged from seizure. At the return term of the suit, on the 13th of December, 1858, a parcel of depositions of the plaintiff was published in open court. In these depositions, testimony is given concerning pilotage done by the plaintiff on the steamboat Tiber, a boat owned and controlled by Roberts, the owner of the Violet, and concerning a river custom of allowing double or extra pay to a pilot running a boat alone. The defendant, the day after the publication of the depositions, moved to suppress so much of the depositions as related to these subjects, which motion was sustained by the court. But upon the trial of the cause, at the November term of the court for 1860, the court permitted testimony to go to the jury contained in these and other depositions, showing the existence and propriety of a custom, upon the river, to allow double or increased pay to

single pilots upon a steamboat, as the plaintiff claimed to be much of the time covered by his claim on the Violet.

The ground upon which the motion to suppress was made, was that the plaintiff's evidence showed that he was working on the Violet under a special contract, and could not, therefore, recover a charge founded upon custom. When the court sustained this motion, the defendant had a right to suppose that at the trial the suppressed part of the depositions and all other like testimony would be excluded from the case; and permitting such evidence to go to the jury against the objection of the defendant, was prejudicial to him and erroneous. And when he alleged this procedure as cause for a new trial, on the ground of having been surprised, his motion presented a valid ground for new trial, and should have been sustained. This conclusion is irrespective of the propriety of the success of the motion to suppress. If the court had become convinced that its decision upon the motion was incorrect, reasonable notice before trial, that a different rule would be adopted, should have been given to the defendant.

The surprise induced by the decision of the court at the trial, is very different from that caused by unexpected evidence given by witnesses, contrary to the expectation of a party, as was the fact in *Nelson vs. Waters*, 18 *Ark.*, 570; and *Coker vs. The State*, 20 *Ark.*, 62.

The depositions are copied into the transcript as referred to in the order of the court when brought into court before the trial, as is customary with pleading and matters of record, and those read on the trial were copied as in chancery cases. But the bill of exceptions refers to the depositions by the names of the witnesses and we think them well incorporated into the case.

Other matters complained of in the motion for a new trial do not seem to require notice, although the amount of the verdict seems to us to be larger than the testimony warranted; but it is not necessary to decide that the finding of the jury was

35

so exorbitant as to require the verdict to be set aside here.

The judgment of the Circuit Court is reversed.